THE MCHATTIE LAW FIRM, LLC
Christopher J. McHattie, Esq.
(Bar No. 035251987)
550 West Main Street
Boonton, New Jersey 07005
Telephone:  973-402-5505
Facsimile:  973-400-4110
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LEGAL CAPITAL GROUP, LLC,<br><br>              *Plaintiff*,<br><br>   v.<br><br>SEAN R. CALLAGY<br>and CALLAGY LAW PC,<br><br>              *Defendants.* | CIVIL ACTION NO.: 2:20-cv-5124<br><br>**COMPLAINT** |

Plaintiff LEGAL CAPITAL GROUP, LLC ("LCG" or "Plaintiff"), complaining of Defendants SEAN R. CALLAGY ("Callagy") and CALLAGY LAW PC ("Callagy Law" or the "firm") (together, "Defendants"), alleges as follows:

**NATURE OF THE ACTION**

1. This is an action by LCG, a legal-funding business, against Callagy Law and Callagy, a law firm and its principal, for breach of contract, breach of the implied covenant of good faith and fair dealing in the alternative, and an accounting. Having entered into two separate funding agreements with LCG in early 2013, by which Defendants obtained advances of funding for their personal-injury cases, they have knowingly failed to comply with the terms of those agreements. Not only have Defendants failed to repay the debt, including principal and interest, they have steadfastly failed and refused to provide the Plaintiff with any information whatsoever concerning the status of the personal-injury cases for which the borrowed funds were

advanced and the conclusions of which were connected to repayment.

2. The Defendants' breach of the Funding Agreement and the Light Agreement, as defined hereinafter, is ongoing and, with contractual interest, they now owe LCG in excess of $18 million.

## THE PARTIES

3. LCG is an Arizona registered limited liability corporation with a principal place of business in Boca Raton, Florida.

4. On information and belief, Callagy is an individual domiciled in the State of New Jersey, and a citizen of the State of New Jersey.

5. On information and belief, Callagy Law is a registered New Jersey professional corporation, a law firm with its headquarters and principal place of business located at 650 From Road, Suite 565, Paramus, New Jersey 07652.

6. On information and belief, Callagy Law is formerly known as and is the successor-in-interest to The Law Office of Sean R. Callagy, Esq., LLC.

7. On information and belief, Callagy is, and at all times hereinafter alleged was, a principal of Callagy Law.

## JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction over LCG's claims under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and complete diversity exists between Plaintiff, which is domiciled in Florida, and Defendants, who are domiciled in New Jersey.[1]  Plaintiff also invokes the supplemental

---

[1] Although the Funding Agreement (defined below) and the Light Agreement (defined below) contain forum-

jurisdiction of this Court with respect to claims based upon the laws of the State of New Jersey, pursuant to 28 U.S.C. § 1367.

9.  This Court has personal jurisdiction over the Defendants because they are domiciled in the State of New Jersey.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the Defendants maintain offices and/or transact business in the State of New Jersey, and/or the Defendants' wrongful acts or omissions giving rise to the claims asserted in this action substantially or materially, in whole or in part, occurred in the State of New Jersey.

## FACTUAL ALLEGATIONS

11. Non-party George Prussin ("Prussin"), who is a principal of LCG, has known Callagy since Callagy was approximately 13 years old.

12. Prior to 1998, Prussin and Callagy began a business relationship, which over time led to an attorney-client relationship beginning at least as early as 1998.

13. Callagy and Callagy Law thereafter represented Prussin and his various entities in numerous matters. Prussin trusted them implicitly.

**The Funding Agreement**

14. In or around December 2010, Prussin started LCG as a legal-funding business. LCG, *inter alia*, advanced funds to attorneys and law firms that litigated personal injury cases.

15. In or around December 2012, Callagy approached Prussin to request that LCG advance funds to Callagy Law (then known as The Law Office of Sean R. Callagy, Esq., LLC) on certain personal-injury cases (the "Callagy Cases").

---

selection provisions that purport to require disputes arising thereunder to be adjudicated in the courts of the State of New Jersey in the County of Bergen, those provisions were procured by fraud and overreaching and are therefore unenforceable.

16.     Prussin agreed, and Callagy, on both his own behalf and LCG's behalf, drew up a Capital Advance Agreement between LCG, himself and Callagy Law (the "Funding Agreement"). A true and correct copy of the Funding Agreement is annexed hereto as Exhibit 1.

17.     Callagy signed the Funding Agreement on behalf of himself and Callagy Law in March 2013.

18.     The Funding Agreement provided, *inter alia*, that LCG would advance funds to Callagy and Callagy Law on an "as needed and monthly basis," and that such advances, including principal and interest, would be repaid in full by Callagy and Callagy Law on the date that any proceeds were recovered on any of the Callagy Cases.

19.     The Funding Agreement also contained a cross-collateralization provision in which Callagy and Callagy Law agreed to "cross-collateralize all PI [i.e. personal-injury] Matters the firm currently has pending and all PI matters it is retained on in the future … to secure the reimbursement of the Advances made to it by LCG," i.e., all of the Callagy Cases.

20.     The Funding Agreement further contained a growth-factor provision in which Callagy and Callagy Law agreed to pay interest on the advanced funds "in accordance with the attached SCHEDULE A, annexed hereto, and the Schedule(s) annexed to any Additional Advances."

21.     Pursuant to the Funding Agreement, LCG provided sixteen (16) separate advances on Callagy's and Callagy Law's personal-injury cases, in the total principal amount of $441,794.64, from around January 2013 through September 2013.

22.     The schedules which accompany the foregoing advances detail, *inter alia*, the matter name, advance amount, funding date, growth factor (monthly rate of return), and annualized rate of return based on monthly compounding. The growth factor varied from 1.99% to 4.99% per month, compounded monthly.

23. Pursuant to the Funding Agreement, interest has accrued and continues to accrue on the foregoing advances, which totals in excess of $18 million.

24. As of the date of this Complaint, Callagy and Callagy Law have failed and refused to provide any information whatsoever concerning the status of the Callagy Cases or their other personal injury cases, and have failed to repay any portion of the debt, including principal and interest.

**The Light Agreement**

25. In addition to the above Funding Agreement, on or about February 14, 2013, LCG, again at Callagy's request, entered into a Capital Advance Agreement with non-parties Benjamin Light, Esq. ("Light") and the law firm of Aromando & Light, LLC ("A&L") (the "Light Agreement").  A true and correct copy of the Light Agreement is annexed hereto as Exhibit 2.

26. Light was a lawyer with whom Callagy was associated, and had several cases that Callagy was litigating for him (the "Light Cases").

27. The Light Agreement provided, *inter alia*, that LCG would advance funds to Light and A&L in the amount of $150,000, and that such advance, including principal and interest, would be repaid in full by Light and A&L on the date that any proceeds were recovered on any of the Light Cases.

28. The Light Agreement contained a growth factor provision in which Light and A&L agreed to pay interest on the advanced funds "in accordance with the attached Schedule A."

29. The Light Agreement further contained a cross-collateralization provision in which Callagy Law agreed to "grant a security interest to LCG in the Proceeds from [Callagy Law's] portfolio of personal injury cases … to LCG to secure the advance to [A&L]" in the

event that the Light Cases did not successfully resolve, or did not generate enough funds to repay the advance.

30. Pursuant to the Light Agreement, LCG provided an advance on the Light Cases in the principal amount of $150,000 in or around February 2013. The principal amount of $100,000 was provided to Callagy Law, and the principal amount of $50,000 was provided to A&L.

31. The schedule that accompanied the foregoing advances detailed, *inter alia*, the matter name, advance amount, funding date, growth factor (monthly rate of return), and annualized rate of return based on monthly compounding. The growth factor was 2.99% per month, compounded monthly.

32. Pursuant to the Light Agreement, interest accrued the foregoing advance, which to the date of this Complaint totals well in excess of the agreed-upon $450,000 cap.

33. Upon information and belief, the Light Cases did not successfully resolve, thereby triggering the cross-collateralization provision of the Light Agreement.

34. As of the date of this Complaint, Callagy and Callagy Law have failed and refused to provide any information whatsoever concerning the status of their "portfolio of personal injury cases" and have failed to repay a significant portion of the $450,000 debt.

**FIRST CAUSE OF ACTION**
**(Breach of Contract – Funding Agreement)**

35. Plaintiff repeats, reiterates and realleges each and every allegation made in paragraphs 1 through 34, *supra*, as if more fully set forth herein.

36. The Funding Agreement is a valid and enforceable contract by which Defendants agreed to be bound.

37. Under the Funding Agreement, Defendants agreed *inter alia* to repay the funds

6

advanced to them by LCG, including principal and interest, in full, on the date that any proceeds were recovered on the Callagy Cases.

38. Under the Funding Agreement, Defendants agreed *inter alia* to cross-collateralize all of their personal injury matters, present and future, to secure the repayment of the funds advanced to them by LCG.

39. LCG performed its obligations under the Funding Agreement by providing Defendants with sixteen (16) separate advances for personal-injury cases in the aggregate amount of $441,794.64.

40. Pursuant to its terms, interest has accrued and continues to accrue on the foregoing advances, which totals in excess of $18 million.

41. Defendants owe LCG in excess of $18 million under the Funding Agreement.

42. Defendants have refused to provide any information whatsoever concerning the status of the Callagy Cases or their other personal injury cases.

43. Defendants have made no payments to LCG pursuant to the terms of the Funding Agreement.

44. Defendants have failed to perform, are therefore in default and in breach of their obligations under the Funding Agreement.

45. As a result of the foregoing, Plaintiff has been damaged in the amount of over $18 million.

## SECOND CAUSE OF ACTION
**(Breach of Contract – Light Agreement)**

46. Plaintiff repeats, reiterates and realleges each and every allegation made in paragraphs 1 through 45, *supra*, as if more fully set forth herein.

7

47. The Light Agreement is a valid and enforceable contract by which Callagy Law agreed to be bound.

48. Under the Funding Agreement, Light and A&L agreed *inter alia* to repay the funds advanced to them by LCG, including principal and interest, in full, on the date that any proceeds were recovered on the Light Cases.

49. Under the Light Agreement, Callagy Law agreed to cross-collateralize its own personal-injury cases with those of A&L to securitize the advances made to Light and A&L by LCG, in the event that the Light Cases did not successfully resolve, or did not generate enough funds to repay the advance.

50. LCG performed its obligations under the Light Agreement by providing Callagy Law and A&L with an advance for personal-injury cases in the amount of $150,000.

51. Pursuant to the Light Agreement, interest accrued the foregoing advance, which totals in excess of the agreed upon $450,000 cap.

52. Upon information and belief, the Light Cases did not successfully resolve, thereby triggering the cross-collateralization provision of the Light Agreement.

53. No payments have been made to LCG pursuant to the terms of the Light Agreement, other than $67,000.

54. Callagy Law owes LCG $383,000 under the Light Agreement.

55. Callagy Law has refused to provide any information whatsoever concerning the status of their "portfolio of personal injury cases."

56. Callagy Law has failed to perform, is therefore in default and in breach of its obligations under the Light Agreement.

57. As a result of the foregoing, Plaintiff has been damaged in the amount of $383,000.

## THIRD CAUSE OF ACTION
### (Breach of the Implied Covenant of Good Faith and Fair Dealing in the Alternative to Breach of Contract)

58. Plaintiff repeats, reiterates and realleges each and every allegation made in paragraphs 1 through 57, *supra*, as if more fully set forth herein.

59. Pursuant to the laws of the State of New Jersey, every contract carries with it an implied duty of good faith and fair dealing in the performance of the contract.

60. With respect to both the Funding Agreement and the Light Agreement, Defendants breached their duty or good faith and fair dealing by, *inter alia*, failing to make payments to LCG pursuant to the terms of the agreements, and refusing to provide any information whatsoever concerning the status of the cases.

61. Thus, even if and to the extent the Defendants' conduct was not technically in breach of the Funding Agreement and/or the Light Agreement, they engaged in deceptive and self-serving practices relating to the performance of the agreements and failed to fulfill their obligation of good faith and fair dealing, which failure has damaged LCG.

62. As a result of the foregoing, Plaintiff has been damaged in the amount of over $18 million.

## FOURTH CAUSE OF ACTION
### (Accounting)

63. Plaintiff repeats, reiterates and realleges each and every allegation made in paragraphs 1 through 62, *supra*, as if more fully set forth herein.

64. The status of the Callagy Cases and the Light Cases and the Defendants' other personal injury cases on which funds were advanced by LCG is uniquely within the knowledge of Defendants and is difficult to ascertain.

65. Defendants have never provided LCG with an accounting of the status of the

foregoing cases or the outcome thereof, and such information is necessary to determine nature of LCG's security interest. Such information is also necessary in order to conduct discovery.

66. As a result of the foregoing, Plaintiff is entitled to an equitable accounting.

## PRAYER FOR RELIEF

**WHEREFORE**, based upon the foregoing facts, allegations and claims, LCG respectfully prays that the Court grant the following relief:

a. On the First Cause of Action for breach of contract, awarding damages in excess of $18 million;

b. On the Second Cause of Action for breach of contract, awarding damages of $383,000;

c. On the Third Cause of Action for breach of the implied covenant of good faith and fair dealing in the alternative to breach of contract, awarding damages in excess of $18 million;

d. On the Fourth Cause of action for an accounting, Ordering Defendants to providing an Accounting of the Callagy Cases and the Light Cases;

e. Awarding Plaintiff such other monetary damages proved at trial;

f. Awarding Plaintiff compensatory, consequential and punitive damages;

g. Awarding Plaintiff attorney's fees and costs of suit; and

h. Awarding Plaintiff such other and further relief as the Court deems equitable and just.

Dated: April 26, 2020

                                           */s/ Christopher J. McHattie*
                                           Christopher J. McHattie, Esq.
                                           The McHattie Law Firm, LLC
                                           550 West Main Street
                                           Boonton, New Jersey 07005
                                           (973) 402-5505
                                           *Attorneys for Plaintiff*