# LEGAL CAPITAL GROUP, LLC
# CAPITAL ADVANCE AGREEMENT

This CAPITAL ADVANCE AGREEMENT ("Agreement"), dated as of this _____ day of _____, 20____ ("Effective Date"), by and between Legal Capital Group, LLC, ("LCG"), whose principal address is 1 Hastings Drive, Tenafly, New Jersey 07670 and Benjamin Light, Esq.("Light") and Aromando & Light, LLC ("Firm") having a primary address of 195 Fairfield Avenue, Suite 4D, West Caldwell, New Jersey 07006. LCG and the Firm shall be jointly referred to as the "Parties".

## RECITALS

WHEREAS, Light and Law Firm are counsel on those certain litigation cases ("Litigation Matters") known as: Demodulation, Inc. v. United States – Court of Federal Claims Case No. 1:11-cv-236; Demodulation v. Applied DNA Sciences – District of New Jersey Case No. 2:11-000296; Ziobro v. Abramson – Superior Court of New Jersey Ocean County Docket No.: L- 3715-10; and LeJava v. State of New Jersey – Superior Court of New Jersey, Docket No.: MON-L-4015-12 and Berry v. Makowski- Superior Court of New Jersey, Docket No.: ESX-L-416-12.

WHEREAS, Light and the Firm are entitled to receive attorneys fees ("Proceeds") in connection with the Litigation Matters in the event plaintiffs are successful;

WHEREAS, the Litigation Matters have required substantial funds to properly prosecute the matters;

WHEREAS, LCG is in the business of investing in claims and lawsuits in return for the right to receive a portion of the Proceeds contingent upon a successful disposition of the lawsuit whether either by settlement, lawsuit, judgment or any other manner;

WHEREAS, Light and the Firm wish to acquire funds to prosecute the Litigation Matters and LCG desires to advance funds by purchasing a contingent interest in the attorney fees related to the Litigation Matters;

NOW THEREFORE, in consideration of the mutual covenants and premises set forth herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. Amount: Subject to the terms and conditions set forth herein, simultaneously with the execution of the Agreement, LCG shall advance funds to the Firm in the Principal Amount of $150,000. ("First Advance") Said amounts are advanced without recourse or other obligations to the Firm except as expressly set forth herein.

2. Growth Factor: Light and the Firm hereby unconditionally and irrevocably grants, assigns, transfers and conveys a first position ownership interest in the Proceeds recovered with respect to the Litigation matters which includes a growth factor of 2.99% per annum, compounded monthly, with a cap on the amount to be repaid of $450,000. LCG's interest shall be paid to LCG in accordance with the attached **Schedule A**, annexed hereto.

3. Term:

    a. LCG's full share of the recovery shall become due and owing to LCG on the date the Proceeds are recovered and received by Light and/or the Law Firm and LCG's right to recover payment of its interests therein shall be paid senior to Light and the Firm's rights to receive any portion of the Proceeds, in accordance with this § 3.

    b. Notwithstanding, LCG has agreed that if at least one of the Demodulation matters listed above remains pending in the trial or appellate courts and the Firm and/or Benjamin Light, Esq. is the attorney of record, and any of the other Litigation Matters resolves successfully, LCG will allow Light and/ or the Firm to defer full payment and instead repay at an initial amount based on 33% of the attorneys' fees actually collected by Light and the Law Firm from any of the other cases referenced above, to be paid against its balance due and owing, to the extent LCG has at that time a right to receive an amount equal to or greater than 33% of said attorneys' fees. Any remaining balance due and owing to LCG shall carry forward and be subject to, and repaid according to, the terms and conditions contained in this Agreement, except the remainder shall not be contingent upon the other cases resolving successfully, to the extent of the attorneys fees recovered in that first case. Thus, if at the time the first case settles, and either of the Demodulation cases remain outstanding, LCG shall allow Light and/or the Firm to first repay LCG 33% of the recovery, with the balance due and owing carrying over. In the event no other case resolves successfully, including either of the Demodulation cases, LCG shall be then entitled to receive an amount equal to 2/3rds the amount of the original attorneys fees, up to the remaining amount due and owing. If either of the Demodulation cases resolve successfully, LCG shall be immediately entitled to receive all outstanding monies in accordance with Schedule A, less what was paid previously.

    c. In the event proceeds are received from either of the Demodulation cases, LCG's right to recovery shall be paid senior to Light or the Firm's right to receive any portion of the Proceeds and LCG shall be entitled to immediately receive its full amount due and owing in accordance with Schedule A, not to exceed the amount of attorney's fees collected. In the event the attorneys fees awarded in the Demodulation case is not sufficient to pay LCG's full share due and owing at that time, the remaining balance due and owing to LCG shall carry forward and be subject to, and repaid according to, the terms and conditions contained herein.

    d. Except to the extent described in §3a, LCG shall have no recourse to recover the advanced amount and any interest due thereon except from attorneys' fees collected by Light and/or the Firm in consideration for its work on the matters referenced above. If the Firm does not collect any fees from any of these cases, the Firm is not obligated to repay the Advance or any part thereof including interest, however it is agreed that LCG's right to recovery is senior to Light's or the Firm's as to any and all amounts recovered, in accordance with the terms and conditions of this Agreement. Further, Light's and/or the Firm's obligation to repay the advance extends only to the amount of attorneys' fees actually collected in total from all of the matters referenced above. If Light and/or the Firm collects less in attorneys' fees in total from all of the Collateral described herein combined than the amount then due under this Agreement, neither is obligated to repay any amounts greater than those collected fees.

    e. Repayment Illustration- In the event the Ziobro case settles and the attorneys contingency fees awarded and collected in that case are $300,000.00, and at the same time, LCG's Advance has accrued to $200,000 as per **Schedule** A and the Demodulation case is still prosecuting, then LCG shall be entitled to receive the first $100,000.00 (33.3%) of attorneys fee before Light or the Firm receives the remaining $200,000.00, and a balance of $100,000.00 plus interest accruing on the balance is carried forward. If however, the Demodulation cases were not still prosecuting, then LCG would be entitled to receive the first $200,000.00 (100% of outstanding amount). If the Demodulation cases and all other cases identified as Collateral resolve unsuccessfully, LCG shall be then be entitled to $100,000 plus interest of the monies it allowed Firm to defer pursuant to § 3b.

4. Collateral - Light and the Firm each agree that the Proceeds from the Litigation Matters identified herein shall be used as Collateral to secure LCG's share of recovery. The Parties agree that this agreement is attached to, and follows the Collateral, to the extent that the Firm and/or Benjamin Light, Esq, remains as Firm and/or counsel to any of the cases. It is accepted and agreed that this Agreement attaches to Benjamin Light, Esq., individually, ("Light") to the extent that if Light shall separate from the Firm for any reason, but remain as counsel on the cases in any capacity, then it is accepted and agreed that this Agreement remains in full force and effect as to the Collateral and Light, in his capacity as counsel shall repay the Advance in accordance with the terms and conditions contained herein.

5. Cross Collateralization- In the event the cases listed above do not resolve successfully or the Proceeds are not enough to satisfy the repayment of the Advance in accordance with **Schedule A**, The Law Firm of Sean R. Callagy, Esq., LLC, ("LOSRC") additionally agrees to grant a security interest to LCG in the Proceeds from LOSRC's portfolio of personal injury cases ("PI Cases") to LCG to secure the Advance to the Firm.

6. Purpose of Advance: The Advance received by the Firm from LCG will be used for immediate economic necessities or other purposes that the Firm deem(s) important. In consideration thereof, the Light and/or the Firm is/are assigning an ownership interest in the Proceeds and granting LCG a Security Interest and Lien in the amount of LCG's share of the Proceeds from the Claims described herein from the date of this contract and the Firm hereby irrevocably direct(s) his/her/their attorney, and any future attorney, to honor this lien.

7. Acceptance: Light and the Firm hereby accept(s) LCG's funding as per the terms of this Agreement, grant LCG a Security Interest and Lien in the Proceeds as per the terms hereof, and assign the Proceeds of the Litigation Matter(s) to the extent specified in this Agreement. By signing below, LOSRC grants a Security Interest and Lien in the PI Cases, as described more thoroughly in § 5.

8. Privileged Information: Nothing in this Agreement shall require the disclosure of confidential or privileged information in a manner that would violate Light's, the Firm's and/or LOSRC's obligations as attorneys or the applicability of any privilege. LCG shall have no right to request, and LOSRC and the Firm agrees that it will not disclose to LCG, privileged client information.

9. Solvency: The Firm hereby represent(s) and warrant(s) to LCG that he/she/they is/are not presently a party to any action or proceeding for the relief under any federal or state bankruptcy or insolvency law or the appointment of a trustee or receiver for all or any portion of his/her/their assets, and that he/she/they do(es) not intend to file or otherwise initiate any action or proceeding at any time in the future seeking relief under any federal or state bankruptcy or insolvency law.

10. Warrant of Liens: Light and the Firm hereby represent(s) and warrant(s) to LCG that he/she/they has/have no notice or knowledge of any liens upon the any share of the Proceeds the Firm is entitled to in connection with any of the claims or matters described herein and has/have not assigned, transferred or conveyed any right to any portion of the Proceeds to any person or entity, except as follows: (if none, so state) _____ none _____. Light and the Firm hereby agree(s) that he/she/they will not knowingly create any additional liens against the Proceeds without the prior written consent of LCG except those as may be necessary to the prosecution of the case. Light and the Firm specifically promise(s) not to create any liens against the proceeds of the case as a result of any funding or advances that he/she/they might receive after the date of this Agreement.

11. Choice of Law; Venue: The laws of the State of New Jersey without regard to its conflict of laws rules, shall control the validity, interpretation and enforceability of this Agreement. If any one or more of the provisions are determined to be unenforceable, in whole or in part, for any reason, the remaining provisions shall remain in full force and effect. The Parties hereby irrevocable and unconditionally consent to submit to the exclusive jurisdiction of the courts of the State of New Jersey in the County of Bergen for any lawsuits, claims or other proceedings arising out of or relating to this Agreement and agree not to commence any such lawsuit, claim or other proceeding except in such courts. The Parties hereby irrevocably and unconditionally waive any objection to the laying of venue of any lawsuit, claim, or other proceeding arising out of relating to this Agreement in the courts of the State of New Jersey in the County of Bergen, and hereby further irrevocable and unconditionally waive and agree not to plead or claim in any such court that any such lawsuit, claim or other proceeding brought in any such court has been brought in an inconvenient forum. The Parties further agree that in the event any litigation arises out of or in connection with this Agreement, the loser shall pay all reasonable attorneys fees of the prevailing party.

12. Notices. Any notice, demand or communication required, permitted or desired to be given hereunder shall be deemed effectively given when personally delivered or mailed by prepaid certified mail, return receipt requested, addressed as follows:

If to Firm:                          Benjamin Light, Esq.
                                     Aromando & Light, LLC
                                     195 Fairfield Avenue, Suite 4D,
                                     West Caldwell, New Jersey 07006.

If to LCG:                           Legal Capital Group, LLC
                                     1 Hastings Drive
                                     Tenafly, New Jersey 07670

or such other address, and to the attention of such other person as either party may designate by written notice.

13. Binding; Successors. This Agreement, Future Advances, and any other document referred to herein or therein shall be binding upon and inure to the benefit of and be enforceable by the parties and their respective heirs, successors and assigns, except that Light and the Firm may not assign its right under this Agreement and other document referred to herein or therein without the prior written consent of the LCG. LCG may at any time assign all, or a part of its rights and obligations under this Agreement. Prior to any such assignment, LCG shall endeavor to give the Firm written notice of such planned assignment, and the Firm shall have the option, within fourteen (14) days of the receipt of such notice, to prepay the Advances, in whole, without any prepayment premium.  Notwithstanding the foregoing, LCG shall have no liability of any kind to the Firm if it fails to give such notice.  In the event the Firm learns without the giving of notice by LCG that LCG intends to assign the Advance, the Firm shall be afforded the right to prepay the Advances as set forth in this Section for a period of fourteen (14) days from date the Firm learns of such proposed assignment.

14. Entire Agreement: This Agreement constitutes the entire agreement between the parties and there are no representations, warranties, covenants or obligations except as set forth herein. It may only be modified in writing.   This Agreement supersedes all prior and contemporaneous agreements, understandings, negotiations and discussions, written or oral, between the parties hereto relating to any transaction contemplated by this Agreement.

15. Partial Invalidity: If any provision of this Agreement or the other Financing Agreements is held to be invalid or unenforceable, such invalidity or unenforceability shall not invalidate this Agreement or the other Financing Agreements as a whole but this Agreement or the particular Financing Agreement, as the case may be, shall be unenforceable and the rights and obligations of the parties shall be construed and enforced only to such extent as shall be permitted by law.

16. Conflicts: In the event that any provision of this Agreement conflicts with the Financing Agreement, or with any document or instrument delivered in connection herewith or therewith, the terms of this Agreement shall control, notwithstanding such conflict.

17. Enforceability: If any provision of this Agreement shall be deemed invalid or unenforceable, it shall not affect the validity or enforceability of any other provision hereof.

18. Counterparts: This Agreement may be executed in separate counterparts.

19. Facsimile Signature: A Signature transmitted by fax shall be effective with the same force and effect as the original signature.

IN WITNESS WHEREOF, the parties have caused this Agreement to be duly executed and delivered as of the day and year first above written.

X_____                  Date: 2-14-13
Benjamin Light, Esq.,
Individually and on behalf of Aromando & Light, LLC


X_____                  Date:_____
On behalf of Legal Capital Group, LLC



X_____
Acknowledged by The Law Firm of Sean R. Callagy, Esq., LLC


Date:_____



_____ Initial

Ref: Ben Light/SRC

## SCHEDULE A
### Disclosure Statement

Investment in Contingent Proceeds for Benjamin Light, Esq. and Aromando & Light, LLC- FIRST ADVANCE

|  | 1st Funding | 2nd Funding | 3rd Funding | 4th Funding | 5th Funding | 6th Funding | Total |
|---|---|---|---|---|---|---|---|
| Funding Date | 2/8/2013 |  |  |  |  |  |  |
| Growth Factor (Monthly Rate of Return) | 2.99% |  |  |  |  |  |  |
| Annualized Rate of return based on monthly compounding | 42.41% |  |  |  |  |  |  |
| Advance | 150,000.00 |  |  |  |  |  | 150,000.00 |
| Less Processing Fee |  |  |  |  |  |  | 0.00 |
| Less Origination Fee |  |  |  |  |  |  | 0.00 |
| Less Pay Off Previous Advance |  |  |  |  |  |  | 0.00 |
| Net Advance to Seller | 150,000.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 150,000.00 |

Amount to be paid by Seller(s) to release Purchaser's interest in the Proceeds on the following dates:

| # | | Date | | Amount | Total |
|---|---|---|---|---|---|
| 1 | On or Before | 3/8/2013 | | 179,003.54 | 179,003.54 |
| 2 | On or Before | 4/8/2013 | | 179,003.54 | 179,003.54 |
| 3 | On or Before | 5/8/2013 | | 179,003.54 | 179,003.54 |
| 4 | On or Before | 6/8/2013 | | 179,003.54 | 179,003.54 |
| 5 | On or Before | 7/8/2013 | | 179,003.54 | 179,003.54 |
| 6 | On or Before | 8/8/2013 | 6 months | 179,003.54 | 179,003.54 |
| 7 | On or Before | 9/8/2013 | | 184,355.75 | 184,355.75 |
| 8 | On or Before | 10/8/2013 | | 189,867.98 | 189,867.98 |
| 9 | On or Before | 11/8/2013 | | 195,545.04 | 195,545.04 |
| 10 | On or Before | 12/8/2013 | | 201,391.83 | 201,391.83 |
| 11 | On or Before | 1/8/2014 | | 207,413.45 | 207,413.45 |
| 12 | On or Before | 2/8/2014 | 12 months | 213,615.11 | 213,615.11 |
| 13 | On or Before | 3/8/2014 | | 220,002.20 | 220,002.20 |
| 14 | On or Before | 4/8/2014 | | 226,580.27 | 226,580.27 |
| 15 | On or Before | 5/8/2014 | | 233,355.02 | 233,355.02 |
| 16 | On or Before | 6/8/2014 | | 240,332.33 | 240,332.33 |
| 17 | On or Before | 7/8/2014 | | 247,518.27 | 247,518.27 |
| 18 | On or Before | 8/8/2014 | 18 months | 254,919.07 | 254,919.07 |
| 19 | On or Before | 9/8/2014 | | 262,541.15 | 262,541.15 |
| 20 | On or Before | 10/8/2014 | | 270,391.13 | 270,391.13 |
| 21 | On or Before | 11/8/2014 | | 278,475.82 | 278,475.82 |
| 22 | On or Before | 12/8/2014 | | 286,802.25 | 286,802.25 |
| 23 | On or Before | 1/8/2015 | | 295,377.63 | 295,377.63 |
| 24 | On or Before | 2/8/2015 | 24 months | 304,209.43 | 304,209.43 |
| 25 | On or Before | 3/8/2015 | | 313,305.29 | 313,305.29 |
| 26 | On or Before | 4/8/2015 | | 322,673.12 | 322,673.12 |
| 27 | On or Before | 5/8/2015 | | 332,321.04 | 332,321.04 |
| 28 | On or Before | 6/8/2015 | | 342,257.44 | 342,257.44 |
| 29 | On or Before | 7/8/2015 | | 352,490.94 | 352,490.94 |
| 30 | On or Before | 8/8/2015 | 30 months | 363,030.42 | 363,030.42 |
| 31 | On or Before | 9/8/2015 | | 373,885.03 | 373,885.03 |
| 32 | On or Before | 10/8/2015 | | 385,064.19 | 385,064.19 |
| 33 | On or Before | 11/8/2015 | | 396,577.61 | 396,577.61 |
| 34 | On or Before | 12/8/2015 | | 408,435.28 | 408,435.28 |
| 35 | On or Before | 1/8/2016 | | 420,647.49 | 420,647.49 |
| 36 | On or Before | 2/8/2016 | 36 months | 433,224.85 | 433,224.85 |

After the periods shown, please call for a Pay Off Amount, which continues to increase by the Growth Factor, compunded monthly.

_____
Benjamin Light, Esq., and Aromando & Light, LLC · 1st Advance