# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

LEGAL CAPITAL GROUP, LLC,

                Plaintiff,

    v.

SEAN R. CALLAGY, THE LAW OFFICES
OF SEAN R. CALLAGY, ESQ., LLC, and
CALLAGY LAW PC,

                Defendants.

Civil Action No.:
2:20-cv-5124 (MCA)(MAH)

***Document Filed Electronically***

---

## DEFENDANTS' BRIEF IN SUPPORT OF THEIR PARTIAL MOTION TO DISMISS THE FIRST AMENDED COMPLAINT AND TO STRIKE A PORTION OF THE PRAYER FOR RELIEF

---

Lawrence S. Lustberg, Esq.
Kevin W. Weber, Esq.
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
Telephone: (973) 596-4500
*Attorneys for Defendants*
*Sean R. Callagy, The Law Offices of Sean R.*
*Callagy, Esq., LLC and Callagy Law PC*

## <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF AUTHORITIES ........................................................................................... ii

PRELIMINARY STATEMENT ...................................................................................... 1

STATEMENT OF FACTS .............................................................................................. 2

ARGUMENT .................................................................................................................. 4

I.     THE COMPLAINT IMPROPERLY NAMES SEAN CALLAGY AND
      CALLAGY LAW AS DEFENDANTS. ................................................................ 4

      A.    Plaintiff Fails to State a Claim for Personal Liability Against Mr. Callagy. .......... 6

      B.    Plaintiff Fails to State a Claim Against Callagy Law, An Entity Which Is
           Not A Party to the Contracts. .................................................................. 11

II.    COUNT III ALLEGING A BREACH OF THE COVENANT OF GOOD FAITH
      AND FAIR DEALING MUST BE DISMISSED AS IT IS BASED ON THE
      SAME CONDUCT AS THE ALLEGED BREACHES OF CONTRACT. ..................... 18

III.   COUNT IV, SEEKING AN ACCOUNTING, SHOULD BE DISMISSED. .................. 21

IV.   PLAINTIFF'S FRIVOLOUS $18 MILLION DAMAGES DEMAND MUST BE
      STRICKEN AS IMPERTINENT. .......................................................................... 23

CONCLUSION ............................................................................................................... 26

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Air Sea Int'l Forwarding, Inc. v. Glob. Imps. & Trading, Inc.*,
  No. 03-268(PGS), 2008 U.S. Dist. LEXIS 133087 (D.N.J. Apr. 18, 2008) .....................15, 16

*Andujar v. Deutsche Bank Nat'l Tr. Co.*,
  No. 14-7836, 2015 U.S. Dist. LEXIS 87536 (D.N.J. July 7, 2015) ........................................23

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...............................................................................................................4

*Barrows v. Chase Manhattan Mortg. Corp.*,
  465 F. Supp. 2d 347 (D.N.J. 2006) ......................................................................................20

*Bd. of Tr. of Teamsters Local 863 Pension Fund v. Foodtown, Inc.*,
  296 F.3d 164 (3d Cir. 2002) ...................................................................................................9

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ...............................................................................................................4

*Black Horse Lane Assoc., L.P. v. Dow Chem. Corp.*,
  228 F.3d 275 (3d Cir. 2000) .................................................................................................18

*Borough of Kenilworth v. Graceland Memorial Park Ass'n*,
  124 N.J. Eq. 35 (N.J. Ch. Ct. 1938) ....................................................................................21

*Buck v. Hampton Twp. Sch. Dist.*,
  452 F.3d 256 (3d Cir. 2006) ...................................................................................................2

*Burke v. Mesta Mach. Co.*,
  5 F.R.D. 134 (W.D. Pa. 1946) ..............................................................................................24

*In re Burlington Coat Factory Sec. Litig.*,
  114 F.3d 1410 (3d Cir. 1997) .................................................................................................6

*Burtch v. Milberg Factors, Inc.*,
  662 F.3d 212 (3d Cir. 2011) ...................................................................................................4

*Chemische Fabrik Budenheim KG v. Bavaria Corp. Int'l*,
  No. 6:08-cv-1182-Orl-22DAB, 2009 U.S. Dist. LEXIS 122133 (M.D. Fla.
  Nov. 16, 2009) ......................................................................................................................23

*Cioni v. Globe Specialty Metals, Inc.*,
  618 F. App'x 42 (3d Cir. 2015) ............................................................................................19

*Coleman v. Deutsche Bank Nat'l Tr. Co.*,
No. 15-1080 (JLL) (JAD), 2015 U.S. Dist. LEXIS 61875 (D.N.J. May 11,
2015) ...................................................................................................................23

*Comly v. First Nat'l Bank & Trust Co.*,
22 N.J. Misc. 123 (1944) .................................................................................7, 21

*Cotter v. Newark Hous. Auth.*,
No. 09-2347 (JAG), 2010 U.S. Dist. LEXIS 25349 (D.N.J. Mar. 17, 2010) ...........................8

*Cox v. Chrysler Grp.*,
LLC, Civil Action No. 14-7573 (MAS) (DEA), 2015 U.S. Dist. LEXIS
133393 (D.N.J. Sep. 30, 2015)..........................................................................25

*Craig v. Lake Asbestos of Quebec, Ltd.*,
843 F.2d 145 (3d Cir. 1988)..........................................................................10, 13

*Creative Concepts Mfg. v. Team Beans Ltd. Liab. Co.*,
No. 17-cv-6066-BRM-DEA, 2018 U.S. Dist. LEXIS 71891 (D.N.J. Apr. 30,
2018) ...................................................................................................................19

*Creditors Relief LLC v. United Debt Settlement LLC*,
No. 17-7474, 2019 U.S. Dist. LEXIS 222358 (D.N.J. Dec. 30, 2019)..................4, 12, 13

*Dairy Queen, Inc. v. Wood*,
369 U.S. 469 (1962)...........................................................................................22

*Delzotti v. Morris*,
No. 14-7223, 2015 U.S. Dist. LEXIS 120286 (D.N.J. Sep. 9, 2015) ...................22

*DirecTV, Inc. v. Weikel*,
No. 03-5300 (JBS), 2005 U.S. Dist. LEXIS 9902 (D.N.J. May 25, 2005)............24

*ECN Fin., LLC v. Chapman*,
No. 17-CV-2842, 2018 U.S. Dist. LEXIS 14157 (E.D. Pa. Jan. 29, 2018) ...........18

*Ferry v. Black Diamond Video, Inc.*,
No. 15-7723, 2016 U.S. Dist. LEXIS 76893 (D.N.J. June 13, 2016)................16, 18

*Frederico v. Home Depot*,
507 F.3d 188 (3d Cir. 2007).................................................................................17

*Garlanger v. Verbeke*,
223 F. Supp. 2d 596 (D.N.J. 2002) .....................................................................24

*Gateway Bottling, Inc. v. Dad's Rootbeer Co.*,
53 F.R.D. 585 (W.D. Pa. 1971) ...........................................................................24

*Genter v. Allstate Prop. & Casualty Ins. Co.*,
No. 11-cv-0709, 2011 U.S. Dist. LEXIS 67840 (W.D. Pa. June 24, 2011) ..........................24

*Globe Motor Co. v. Igdalev*,
225 N.J. 469 (2016) ......................................................................................................7

*Gonzalez v. U.S. Bank Nat'l Ass'n*,
No. 14-7855, 2015 U.S. Dist. LEXIS 75620 (D.N.J. June 11, 2015)....................................21

*Greenfield v. Twin Vision Graphics, Inc.*,
268 F. Supp. 2d 358 (D.N.J. 2003) .....................................................................................7

*Hills v. Bank of Am.*,
No. 13-4960-ES, 2015 U.S. Dist. LEXIS 32502 (D.N.J. Mar. 17, 2015)...............................19

*Holzli v. DeLuca Enterprises*,
No. 11-06148, 2012 U.S. Dist. LEXIS 38880 (D.N.J. Mar. 21, 2012)...................................11

*Hottenstein v. City of Sea Isle City*,
793 F. Supp. 2d 688 (D.N.J. 2011) ...................................................................................11

*IDT Telecom, Inc. v. CVT Prepaid Sols., Inc.*,
No. 07-1076 (GEB), 2009 U.S. Dist. LEXIS 120355 (D.N.J. Dec. 28, 2009) ........................15

*Intervet, Inc. v. Mileutis, Ltd.*,
No. 15-1371 (FLW)(TJB), 2016 U.S. Dist. LEXIS 22165 (D.N.J. Feb. 24,
2016) .........................................................................................................................19

*Jannarone v. Sunpower Corp.*,
No. 18-9612 (MAS) (TJB), 2018 U.S. Dist. LEXIS 191429 (D.N.J. Nov. 7,
2018) .........................................................................................................................17

*Jurista v. Amerinox Processing, Inc.*,
No. 12-3825 (NLH/JS), 2013 U.S. Dist. LEXIS 44057 (D.N.J. Mar. 28, 2013)....................15

*Kare Distribution v. Jam Labels & Cards LLC*,
No. 09-00969 (SDW), 2009 U.S. Dist. LEXIS 94600 (D.N.J. Oct. 8, 2009)...........................9

*Kumon N. Am., Inc. v. Timban*,
No. 13-4809, 2014 U.S. Dist. LEXIS 84907 (D.N.J. June 23, 2014).....................................20

*Lannin v. NRT Title Agency, LLC*,
No. 18-15146, 2019 U.S. Dist. LEXIS 146338 (D.N.J. Aug. 27, 2019) .................................10

*Linus Holding Corp. v. Mark Line Indus., LLC*,
376 F. Supp. 3d 417 (D.N.J. 2019) ...................................................................................10

*Longo v. Envtl. Prot. & Improvement Co.*,
  No. 2:16-cv-09114 (JLL) (JAD), 2017 U.S. Dist. LEXIS 85681 (D.N.J. June
  5, 2017) ..........................................................................................................21

*Mills v. Ethicon, Inc.*,
  406 F. Supp. 3d 363 (D.N.J. 2019) ...........................................................5

*Moya v. United Airlines, Inc.*,
  No. 18-cv-14829, 2019 U.S. Dist. LEXIS 13888 (D.N.J. Jan. 29, 2019)................7

*MZL Capital Holdings, Inc. v. TD Bank, N.A.*,
  No. 14-5772, 2016 U.S. Dist. LEXIS 103177 (D.N.J. Aug. 5, 2016) ...................19

*N. Am. Steel Connection, Inc. v. Watson Metal Prods. Corp.*,
  No. 08-4247 (DRD), 2010 U.S. Dist. LEXIS 95594 (D.N.J. Sep. 14, 2010) ...........9

*New Jersey Dep't of Envtl. Prot. v. Ventron Corp.*,
  94 N.J. 473 (1983) ..........................................................................................13

*NLRB v. Niskayuna Consumers Coop., Inc.*,
  376 F.2d 260 (2d Cir. 1966)..........................................................................23

*Pai v. DRX Urgent Care, LLC*,
  No. 13-3558 (JAP), 2014 U.S. Dist. LEXIS 27071 (D.N.J. Mar. 4, 2014), *aff'd
  sub nom. Fabbro v. DRX Urgent Care, LLC*, 616 F. App'x 485 (3d Cir. 2015).....................6

*Pearson v. Component Tech. Corp.*,
  247 F.3d 471 (3d Cir. 2001)...........................................................................13

*Portfolio Fin. Servicing Co. v. Sharemax.com, Inc.*,
  334 F. Supp. 2d 620 (D.N.J. 2004) ...........................................................12, 14, 16

*Richmond v. Lumisol Elec. Ltd.*,
  No. 13-1944, 2014 U.S. Dist. LEXIS 49486 (D.N.J. Apr. 10, 2014)...............13, 14

*Rose Containerline, Inc. v. Omega Shipping Co.*,
  No. 10-4345 (WHW), 2011 U.S. Dist. LEXIS 32396 (D.N.J. Mar. 28, 2011) .......17

*Rowen Petroleum Properties, LLC v. Hollywood Tanning Sys., Inc.*,
  899 F. Supp. 2d 303 (D.N.J. 2012) ...........................................................9

*SalandStacy Corp. v. Freeney*,
  No. 11-3439, 2012 U.S. Dist. LEXIS 38141 (D.N.J. Mar. 21, 2012)....................21

*Santiago v. Warminster Twp.*,
  629 F.3d 121 (3d Cir. 2010)...............................................................4, 6, 12, 20

*Seippel v. Jenkens & Gilchrist, P.C.*,
    341 F. Supp. 2d 363 (S.D.N.Y. 2004)....................................................................24

*Senior Settlements, LLC v. Growth Tr. Fund*,
    No. 05-777 (JBS), 2008 U.S. Dist. LEXIS 15639 (D.N.J. Feb. 27, 2008) ..............7

*Shabaz v. Polo Ralph Lauren Corp.*
    586 F. Supp. 2d 1205 (C.D .Cal. 2008) ...............................................................24

*Shaw v. Hous. Auth. of Camden*,
    No. 11-4291, 2012 U.S. Dist. LEXIS 112694 (D.N.J. Aug. 10, 2012) ...................5

*Sons of Thunder, Inc. v. Borden, Inc.*,
    148 N.J. 396 (1997) ............................................................................................18

*Staff4Jobs, LLC v. List Logistics, LLC*,
    No. 3:18-cv-13399-BRM-LHG, 2019 U.S. Dist. LEXIS 107443 (D.N.J. June
    27, 2019) ........................................................................................................9, 11

*State Capital Title & Abstract Co. v. Pappas Bus. Servs., LLC*,
    646 F. Supp. 2d 668 (D.N.J. 2009) .......................................................................9

*Stonebridge Bank v. NITA Props., LLC*,
    No. 09-5145 (RBK/JS), 2011 U.S. Dist. LEXIS 59078 (D.N.J. June 1, 2011) .....22

*Summit Transp. Corp. v. Hess Energy Mktg., LLC*,
    Civil Action No. 14-5119, 2015 U.S. Dist. LEXIS 23921 (D.N.J. Feb. 27,
    2015) (Arleo, J.)..................................................................................................15

*The Mall at IV Group Properties, LLC v. Roberts*,
    No. 02-4692, 2005 U.S. Dist. LEXIS 31860 (D.N.J. Dec. 8, 2005).........................9

*Tolia v. Dunkin Brands*,
    No. 11-3656, 2011 U.S. Dist. LEXIS 142170 (D.N.J. Oct. 7, 2011) .....................22

*Toll JM EB Residential Urban Renewal LLC v. Tocci Residential, LLC*,
    No. 16-5422 (PGS), 2020 U.S. Dist. LEXIS 89601 (D.N.J. May 21, 2020)..................7, 8, 11

*Trs. of the Local 888 Health Fund v. Kissler & Co.*,
    No. 14-8097 (WJM), 2015 U.S. Dist. LEXIS 129273 (D.N.J. Sep. 25, 2015).........8

*Wrist Worldwide Trading GMBH v. MV Auto Banner*,
    No. 10-2326, 2011 U.S. Dist. LEXIS 127655 (D.N.J. Nov. 4, 2011) .....................14

*Yu-Chin Chang v. Upright Fin. Corp.*,
    No. 19-cv-18414, 2020 U.S. Dist. LEXIS 15009 (D.N.J. Jan. 27, 2020)..................5

**Statutes**

N.J.S.A. 2C:21-19 ........................................................................................................25

**Other Authorities**

BLACK'S LAW DICTIONARY (11th ed. 2019) .......................................................25

LEGAL NEWSLINE,
  "Boyhood friendship doesn't stop litigation funder from suing N.J. personal
  injury lawyer for $18M,"*available at*
  https://legalnewsline.com/stories/536181145-boyhood-friendship-doesn-t-
  stop-litigation-funder-from-suing-n-j-personal-injury-lawyer-for-18m (last
  visited August 2, 2020)..........................................................................................24

NEW JERSEY LAW JOURNAL,
  "New Jersey Law Firm Accused in Suit of Defaulting on $18M Debt to
  Litigation Funder," available at
  https://www.law.com/njlawjournal/2020/04/27/new-jersey-law-firm-accused-
  in-suit-of-defaulting-on-18m-debt-to-litigation-funder/ (last visited August 2,
  2020) .......................................................................................................................24

**Rules**

Federal Rule of Civil Procedure 8 ...........................................................................4

Federal Rule of Civil Procedure 8(a) .......................................................................5

Federal Rule of Civil Procedure 9(b).....................................................................17

Federal Rule of Civil Procedure 12(b)(6) ...........................................................1, 4

Federal Rule of Civil Procedure 12(e)....................................................................25

Federal Rule of Civil Procedure 12(f) ...................................................1, 2, 24, 26

Federal Rule of Civil Procedure 26(b)....................................................................22

Local Civil Rule 8.1.................................................................................................23

Defendants Sean R. Callagy ("Mr. Callagy"), The Law Offices of Sean R. Callagy, Esq., LLC ("SRC LLC") and Callagy Law PC ("Callagy Law") respectfully submit this brief in support of their motion to dismiss, in part, the First Amended Complaint ("Complaint") (ECF 9) pursuant to Federal Rule of Civil Procedure 12(b)(6), and to strike the prayer for $18 million in damages pursuant to Federal Rule of Civil Procedure 12(f).

## PRELIMINARY STATEMENT

This action should be a very narrow breach of contract action brought by a litigation funder, Legal Capital Group, LLC ("Plaintiff" or "LCG"), against a law firm, SRC LLC, that received certain contingent, non-recourse cash advances to fund specific personal injury litigations that were to be repaid through potential recoveries.  Instead, Plaintiff seeks to broaden and confuse this matter by (a) suing an individual attorney who never agreed to be personally liable and did not sign the contracts in his personal capacity; (b) suing a different law firm that was not even a party to the contracts at issue; (c) conjuring a redundant claim for breach of the covenant of good faith and fair dealing for an otherwise simple claim of breach; (d) seeking an equitable remedy of an accounting when their allegations admit a valid remedy at law; and (e) perhaps most egregiously, claiming that $441,794 in principal advances grew to ***over $18 million*** in seven (7) years, a damages calculation that is both factually and mathematically illogical and legally frivolous.

This motion seeks to dismiss the offending allegations of the Complaint and thereby to render this litigation dispute that which it objectively should be—a narrow breach of contract case between the funder LCG and the law firm SRC LLC.  The Complaint should be dismissed in its entirety as to Mr. Callagy and Callagy Law; Count III (for breach of the covenant of good faith and fair dealing) and Count IV (accounting) should be dismissed as to all parties, and

1

Plaintiff's $18 million prayer for relief should be stricken pursuant to Federal Rule of Civil Procedure 12(f).

## STATEMENT OF FACTS

Plaintiff LCG is a litigation funder, established in 2010, and headquartered in Florida. (Compl. ¶¶ 1, 3, 20.)  SRC LLC is a law firm in Paramus, New Jersey established on November 2, 2005.  (Compl. ¶ 5; *see also* Weber Decl., Ex. A, Certificate of Formation for "Sean R. Callagy, Esq., LLC," and Registration of Alternate Name of "The Law Offices of Sean R. Callagy".)[1]  As of August 3, 2020, SRC LLC is an active entity in good standing.  (Weber Decl., Ex. B, Certificate of Good Standing.)  Callagy Law is a professional corporation formed on January 16, 2015.  (Weber Decl., Ex. C., Certificate of Incorporation.)  Likewise, as of August 3, 2020, Callagy Law is an active entity in good standing.  (Weber Decl., Ex. D, Certificate of Good Standing.)

In March 2013, LCG and SRC LLC entered into the so-called "Funding Agreement" here at issue.  (Compl. ¶ 22, Ex. 1, "Capital Advance Agreement".)  The Funding Agreement was signed by SRC LLC (via its member, Mr. Callagy) and by LCG (via its owner, George Prussim). (Compl., Ex. 1 at 7.)  While there is a separate signature block for Mr. Callagy personally, Mr. Callagy specifically executed the Funding Agreement only on the signature block for SRC LLC, ***and not in his individual capacity***.  (*Id.*)  Callagy Law is not a party to the Funding Agreement, and indeed, was not even incorporated until several years later.  (Weber Decl., Ex. C.)

The details of the Funding Agreement are not relevant to this motion other than that the contract called for LCG to receive a "growth factor" of "2.99% per annum, compounded

---

[1]  These documents obtained from the New Jersey Secretary of State are public records and properly considered in a motion to dismiss.  *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) ("In evaluating a motion to dismiss, we may consider . . . matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.") (quotation omitted).

monthly" on its advances used for operational expenses and "4.99% per annum, compounded monthly" on its advances that are reimbursed from fees SRC LLC might receive in a certain set of cases.  (Compl., Ex. 1, ¶ 4.)  Plaintiff alleges that it made sixteen (16) separate advances totaling $441,794.64 (Compl. ¶ 27) and that defendants breached the Funding Agreement by refusing to provide information about the cases Plaintiff funded and not repaying the advances. (Compl. ¶ 30.)

In addition to the Funding Agreement with SRC LLC, Plaintiff entered into a separate agreement in early 2013 with the law firm Aromando & Light, LLC.  (Compl. ¶ 31, Ex. 2 ("the Light Agreement").)  SRC LLC was a limited signatory to the Light Agreement, insofar as SRC LLC agreed to a cross-collateralization provision that would secure the advances made to Aromando & Light in the event that those matters did not generate enough funds to repay the advances to the Plaintiff.  (Compl. ¶ 35.)  As with the Funding Agreement, Callagy Law was not a party to the Light Agreement, which pre-dates Callagy Law's incorporation.  (Weber Decl., Ex. C.)  According to the Complaint, the principal amount of $150,000 owed under the Light Agreement has grown to the capped amount of $450,000.  (Compl. ¶ 38.)  Plaintiff acknowledges receipt of $67,000 in payments, allegedly leaving a balance due of $383,000 under the Light Agreement.  (Compl. ¶¶ 59-60.)

In addition to the two breach of contract counts, Plaintiffs also asserts a claim for breach of the covenant of good faith and fair dealing, alleging that defendants violated this covenant by "failing to make payments . . . and refusing to provide any information whatsoever concerning the status of the cases."  (Compl. ¶ 66.)  Plaintiff also makes the generalized allegation that defendants "engaged in deceptive and self-serving practices relating to the performance of the agreements."  (Compl. ¶ 67.)  Finally, Plaintiff seeks an accounting.  (Compl. ¶¶ 70-72.)

## ARGUMENT

### I. THE COMPLAINT IMPROPERLY NAMES SEAN CALLAGY AND CALLAGY LAW AS DEFENDANTS.

The Complaint improperly names Mr. Callagy and Callagy Law as defendants. But neither of them executed either of the two contracts in question, and the Complaint contains absolutely no allegations that would support a legal theory that would permit piercing the corporate veil to impose personal liability on Mr. Callagy, or a finding that Callagy Law is a successor or alter ego to SRC LLC.

Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Such "facial plausibility" demands that the plaintiff plead sufficient facts to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In determining whether this standard has been satisfied, the Court should "disregard legal conclusions and 'recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). Likewise, where allegations are "conclusory," the Third Circuit has held that such statements "are not entitled to a presumption of truth." *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 225 (3d Cir. 2011) *see also Creditors Relief LLC v. United Debt Settlement LLC*, No. 17-7474, 2019 U.S. Dist. LEXIS 222358, at *8 (D.N.J. Dec. 30, 2019) ("Restatements of the elements of a claim are legal conclusions, and therefore, not entitled to a presumption of truth."). Here, numerous allegations in the Complaint are simply legal conclusions or conclusory

statements of elements of a claim, with no supporting facts (for example, the allegations that Callagy Law is "the successor-in-interest to" SRC LLC (Compl. ¶ 7); that Callagy Law "expressly or impliedly" assumed SRC LLC's obligations (Compl. ¶ 9); that there was "an actual or *de facto* consolidation or merger" between SRC LLC and Callagy Law (Compl. ¶ 10); and that Callagy Law is an "alter ego" of SRC LLC (Compl. ¶¶ 11-12).)  As discussed further below, these conclusory statements and legal conclusions are not entitled to a presumption of truth and should be disregarded.

But beyond the patent insufficiency of the allegations, the Complaint here also fails to comply with Rule 8(a) by engaging in impermissible "group pleading."  Courts have held that " a complaint may not indiscriminately attribute wrongdoing to a group of defendants, leaving them to guess as to who allegedly did what."  *Yu-Chin Chang v. Upright Fin. Corp*., No. 19-cv-18414 (KM/ JBC), 2020 U.S. Dist. LEXIS 15009, at *6 (D.N.J. Jan. 27, 2020).  *See also Shaw v. Hous. Auth. of Camden*, No. 11-4291 (RMB/AMD), 2012 U.S. Dist. LEXIS 112694, at *4 (D.N.J. Aug. 10, 2012) (dismissing complaint because it failed to contain allegations showing how each defendant was liable and noting that "[e]ven under the most liberal notice pleading requirements of Rule 8(a), a plaintiff must differentiate between defendants."); *Mills v. Ethicon, Inc*., 406 F. Supp. 3d 363, 387 (D.N.J. 2019) (dismissing complaint where "the particular legal basis for each claim against each defendant cannot readily be extracted from these catchall allegations").

Here, the majority of allegations combine SRC LLC and Callagy Law P.C. into one amorphous "Callagy Law" entity, and generally say that all "Defendants" committed various infractions.  (*See, e.g.*, Compl. ¶ 47 ("Defendants owe LCG . . ."), ¶ 48 ("Defendants have refused to provide information . . .").)  But this type of group pleading is insufficient under Rule 8(a), and alone requires the Complaint to be dismissed.

As discussed below, Mr. Callagy and Callagy Law are objectively not parties to these contracts, which are incorporated into the Complaint and thus are properly considered on a motion to dismiss.[2]  Moreover, there is no basis to impose personal liability on Mr. Callagy for the contractual obligations of SRC LLC, and the Complaint does not even attempt to articulate any facts to support a corporate veil piercing theory, as would be necessary to maintain a breach of contract action against Mr. Callagy personally for these contracts to which he is not a party. Likewise, Plaintiff's alter ego theory (*i.e.*, that Callagy Law should be responsible for SRC LLC's contractual obligations) is similarly unsupported by any of the necessary factual allegations that would establish a basis for imposing an alter ego theory of liability between two distinct corporate entities.  Without pleading these necessary facts, Mr. Callagy and Callagy Law are, then, improperly named defendants and each should be dismissed.

**A.     Plaintiff Fails to State a Claim for Personal Liability Against Mr. Callagy.**

Even assuming, as the Court must, that the facts set forth in the Complaint are true, *see, e.g.*, *Santiago*, 629 F.3d at 131, there is still no basis to sue Mr. Callagy personally for SRC LLC's alleged breaches of the Funding Agreement and the Light Agreement.  The Funding Agreement was signed by Mr. Callagy "on behalf of" SRC LLC.  (Compl., Ex. 1 at 7.)  Indeed, there is a separate signature block for Mr. Callagy personally, which he did ***not*** execute.  (*Id.*)

---

[2]  Engaging in improper "group pleading" by lumping all of the defendants together in a single set of allegations, Plaintiff effectively alleges that Callagy Law is a party to those contracts. That, of course, is objectively false based upon the documents upon which Plaintiff relies, and the court need not accept as true allegations that are plainly contradicted by the contracts.  *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) ("Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them."); *Pai v. DRX Urgent Care, LLC*, No. 13-3558 (JAP), 2014 U.S. Dist. LEXIS 27071, at *17 (D.N.J. Mar. 4, 2014) ("a court need not accept allegations as true that are contradicted by the documents upon which a party's claims are based."), *aff'd sub nom. Fabbro v. DRX Urgent Care, LLC*, 616 F. App'x 485 (3d Cir. 2015).

Likewise, he is not a party to the Light Agreement and did not sign it in his personal capacity, but rather—very specifically—only on behalf of SRC LLC.  (Compl. ¶ 31, Ex. 2.)

"Breach of contract complaints must establish four elements to survive a motion to dismiss: (1) the parties entered into a contract; (2) the plaintiff performed under the contract; (3) the defendant breached the contract; and (4) the breach caused an alleged loss."  *Moya v. United Airlines, Inc*., No. 18-cv-14829, 2019 U.S. Dist. LEXIS 13888, at *5-6 (D.N.J. Jan. 29, 2019) (citing *Globe Motor Co. v. Igdalev*, 225 N.J. 469 (2016)).  Here, the Complaint does not satisfy the first element, as it does not plead facts to support the existence of a contract between Plaintiff and Mr. Callagy.  Indeed, it is a fundamental principle that "under New Jersey law, 'an action on a contract cannot be maintained against a person who is not a party to it[.]'"  *Toll JM EB Residential Urban Renewal LLC v. Tocci Residential, LLC*, No. 16-5422 (PGS), 2020 U.S. Dist. LEXIS 89601, at *24 (D.N.J. May 21, 2020) (quoting *Comly v. First Nat'l Bank & Trust Co.*, 22 N.J. Misc. 123, 127 (1944)).  Thus, to adequately allege, that Mr. Callagy is a party to the contract under the law indisputably applicable to this case, Plaintiff must show that it formed a contract with him.  Here, however, the Complaint does not contain any of the elements of contract formation with Mr. Callagy.  *See, e,g*., *Senior Settlements, LLC v. Growth Tr. Fund*, No. 05-777 (JBS), 2008 U.S. Dist. LEXIS 15639, at *12-13 (D.N.J. Feb. 27, 2008) (under New Jersey law, "an enforceable contract requires an offer, an acceptance, consideration, and a meeting of the minds upon all the essential terms of the agreement.")

Specifically, the Complaint contains no allegations that Mr. Callagy personally agreed to be bound by any agreement.  Indeed, it is clear that he did not sign it in his personal capacity— which would be a clear manifestation of acceptance.  *See Greenfield v. Twin Vision Graphics, Inc*., 268 F. Supp. 2d 358, 375 (D.N.J. 2003) ("A signature is the ultimate form of express assent

to a contract. . . .  [A]ffixing a signature to a contract creates a conclusive presumption that the signer assented to its terms.").

Because the contract is unsigned by him personally, and because there are no facts alleging that Mr. Callagy accepted the contract—personally—in the form attached to the Complaint, there is no manifest acceptance of its terms, and thus no plausible allegations of contract formation.  And where a contract is unsigned and the plaintiff otherwise fails to plead facts showing an acceptance and meeting of the minds between the parties at issue, Courts properly dismiss breach of contract claims.  *See Trs. of the Local 888 Health Fund v. Kissler & Co.*, No. 14-8097 (WJM), 2015 U.S. Dist. LEXIS 129273, at *11 (D.N.J. Sep. 25, 2015) (granting motion to dismiss breach of contract claim where document was unsigned and complaint failed to set forth facts detailing a manifestation of acceptance); *Cotter v. Newark Hous. Auth.*, No. 09-2347 (JAG), 2010 U.S. Dist. LEXIS 25349, at *13 (D.N.J. Mar. 17, 2010) (dismissing breach of contract claim where "there existed an unsigned document, intended to act as the final contractual agreement of the parties," and where there are "no allegations in the Complaint, nor is there any indication in any document" that the defendant "in anyway executed or assented to" the contract); *Toll JM*, 2020 U.S. Dist. LEXIS 89601, at *24 (rejecting as futile breach of contract claim against a non-signatory).  Without any basic facts showing Mr. Callagy's acceptance of the contract, and therefore the formation of a contract with him personally, the breach of contract claims against him must be dismissed.

Nor is a basis set forth for making Mr. Callagy personally liable for SRC LLC's obligation.  Generally, in order to make an individual liable for an entity's debts, a plaintiff must plead grounds to pierce the corporate veil, and here the Complaint does not attempt to do so.  Courts in New Jersey have held that "[i]n the absence of fraud or injustice, courts will not pierce

the corporate veil to impose liability on a corporation's owners and officers." *N. Am. Steel Connection, Inc. v. Watson Metal Prods. Corp.*, No. 08-4247 (DRD), 2010 U.S. Dist. LEXIS 95594, at \*26 (D.N.J. Sep. 14, 2010). Specifically, when a plaintiff seeks to pierce the corporate veil to impose corporate obligations on an individual, "personal liability will only be imposed if it is demonstrated that the officer or director disregarded the corporate form and 'utilize[d] the corporation as a vehicle for committing equitable or legal fraud.'" *Staff4Jobs, LLC v. List Logistics, LLC*, No. 3:18-cv-13399-BRM-LHG, 2019 U.S. Dist. LEXIS 107443, at \*12-13 (D.N.J. June 27, 2019) (quoting *Rowen Petroleum Properties, LLC v. Hollywood Tanning Sys., Inc.*, 899 F. Supp. 2d 303, 308 (D.N.J. 2012)).

Thus, "[i]n order to state a cognizable claim for piercing the corporate veil, a plaintiff must show that: (1) the corporation is organized and operated as a mere instrumentality of a shareholder, (2) the shareholder uses the corporation to commit fraud, injustice or circumvent the law, and (3) the shareholder fails to maintain the corporate identity." *Kare Distribution v. Jam Labels & Cards LLC*, No. 09-00969 (SDW), 2009 U.S. Dist. LEXIS 94600, at \*23-24 (D.N.J. Oct. 8, 2009) (citing *Bd. of Tr. of Teamsters Local 863 Pension Fund v. Foodtown, Inc.*, 296 F.3d 164, 171-72 (3d Cir. 2002)). *See also State Capital Title & Abstract Co. v. Pappas Bus. Servs., LLC*, 646 F. Supp. 2d 668, 679 (D.N.J. 2009) (dismissing claims against individual defendants and holding "[i]n New Jersey, two elements must be shown to pierce the corporate veil: 'First, there must be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist. Second, the circumstances must indicate that adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice.'") (quoting *The Mall at IV Group Properties, LLC v. Roberts,* No. 02-4692, 2005 U.S. Dist. LEXIS 31860, at \*8 (D.N.J. Dec. 8, 2005)). Thus, as the Third Circuit has catalogued

them, various factors are typically considered in determined whether the corporate form may be

pierced:

> [1] gross undercapitalization . . . [2] failure to observe corporate formalities, [3] non-payment of dividends, [4] the insolvency of the debtor corporation at the time, [5] siphoning of funds of the corporation by the dominant stockholder, [6] non-functioning of other officers or directors, [7] absence of corporate records, and [8] the fact that the corporation is merely a facade for the operations of the dominant stockholder or stockholders.

*Craig v. Lake Asbestos of Quebec, Ltd.*, 843 F.2d 145, 150 (3d Cir. 1988) (quotations omitted).

But here, Plaintiff does not plead allegations that would, even if true, support of any of the

factors, which is necessary in order to pierce the corporate veil and impose personal liability on

Mr. Callagy for the contractual obligations of SRC LLC.

In particular, Plaintiff has not set forth any facts in its Complaint to suggest that the

corporate identity of SRC LLC was not maintained, or that Mr. Callagy was using SRC LLC to

commit fraud or circumvent the law.  Nor does Plaintiff state that SRC LLC failed to observe

corporate formalities, is insolvent, or is otherwise non-functioning.  In fact, SRC LLC remains an

entity in good standing.  (Weber Decl., Ex. B.)  Thus, there is no basis to impose personal

liability on Mr. Callagy without facts supporting a veil piercing theory, and courts in this District

do not hesitate to claims against individual defendants where adequate facts to pierce the

corporate veil are not alleged in the complaint.  *See Lannin v. NRT Title Agency, LLC*, No. 18-

15146, 2019 U.S. Dist. LEXIS 146338, at *12 (D.N.J. Aug. 27, 2019) (Arleo, J.) (dismissing

claims against multiple defendants where "Plaintiff does not adequately allege that NRT Title is

'merely a façade' for [individual defendant's] operation," and noting that "the only substantive

allegation against [defendant] individually is that he is the 'mastermind' behind the alleged

billing scheme").  *See also Linus Holding Corp. v. Mark Line Indus., LLC*, 376 F. Supp. 3d 417,

428 (D.N.J. 2019) (granting motion to dismiss all claims against multiple defendants as "Plaintiff's allegations with respect to the alleged misuse of funds do not rise to a level which demonstrates a failure to adhere to corporate formalities."); *Holzli v. DeLuca Enterprises*, No. 11-06148, 2012 U.S. Dist. LEXIS 38880, at *9-10 (D.N.J. Mar. 21, 2012) (granting motion to dismiss where plaintiff did not plead "the applicable veil piercing factors supported by factual allegations illustrating why or how the defendants, for example, failed to observe corporate formalities and commingled funds."); *Hottenstein v. City of Sea Isle City*, 793 F. Supp. 2d 688, 691-92 (D.N.J. 2011) (granting motion to dismiss as to the individual defendant where complaint was "devoid of any allegations supporting an inference that [the individual defendant] used the corporate form 'to defeat the ends of justice, to perpetrate fraud, to accomplish a crime, or otherwise to evade the law'"); *Staff4Jobs, LLC*, 2019 U.S. Dist. LEXIS 107443, at *14 (granting motion to dismiss where plaintiff failed "to allege how the corporate form was abused, what fraudulent activities [the individual defendant] engaged in, and what corporate formalities were not adhered to.").

Given the lack of any allegations of a disregard for the corporate form of SRC LLC, the Complaint sets forth no basis for Mr. Callagy to be held personally liable for SRC LLC's alleged debts, and the Complaint should be dismissed as against him.

**B.    Plaintiff Fails to State a Claim Against Callagy Law, An Entity Which Is Not A Party to the Contracts.**

The contracts in question were executed in February 2013 (the "Light Agreement") and March 2013 (the "Funding Agreement"). Callagy Law was formed on November 16, 2015. (Weber Decl., Ex. C, Certificate of Incorporation.) Obviously, there could have been no contract formation with Callagy Law in 2013, and it is objectively not a party to the two agreements, and cannot, therefore, be liable for breach of those contracts. *See Toll JM EB*, 2020 U.S. Dist.

LEXIS 89601, at *24 (rejecting as futile breach of contract claim against an individual who did not sign the contracts).

The Complaint attempts to plead an exception to this basic proposition by listing various legal theories, all without the necessary factual basis.  The Complaint alleges that Callagy Law is "formerly known, as, and is the successor-in-interest to" SRC LLC (Compl. ¶ 7); that SRC LLC "is currently doing business as" Callagy Law P.C. (Compl. ¶ 8); that Callagy Law "expressly or impliedly" assumed SRC LLC's obligations (Compl. ¶ 9); that there was "an actual or *de facto* consolidation or merger" between SRC LLC and Callagy Law (Compl. ¶ 10); and that Callagy Law is a "mere continuation" or "alter ego" of SRC LLC (Compl. ¶¶ 11-12).  But the Court cannot accept these contentions, which really amount to legal conclusions rather than well-pleaded facts.  *See Santiago*, 629 F.3d at 128 (the court should "disregard legal conclusions and recitals of the elements of a cause of action, supported by mere conclusory statements.") (quotation omitted).  *Creditors Relief LLC*, 2019 U.S. Dist. LEXIS 222358, at *8 ("Restatements of the elements of a claim are legal conclusions, and therefore, not entitled to a presumption of truth.").

None of these theories can save the Complaint from dismissal without well-pleaded facts to justify the exception.  First, the corporate alter ego doctrine makes little sense in this context, as that doctrine is "usually employed to pierce the corporate veil of a subsidiary to reach the assets of the parent."  *Portfolio Fin. Servicing Co. v. Sharemax.com, Inc*., 334 F. Supp. 2d 620, 626 (D.N.J. 2004).  Moreover, this equitable doctrine is "appropriate when the court must prevent fraud, illegality, or injustice, or when recognition of the corporate entity would defeat public policy or shield someone from liability for a crime, or when the parent so dominated the subsidiary that it had no separate existence."  *Id.* (quotations omitted).  The same factors

-12-

described above for piercing the corporate veil to impose liability on an individual officer or director is likewise applicable where two corporate entities are alleged to be "alter egos."  *See Pearson v. Component Tech. Corp.*, 247 F.3d 471, 484-85 (3d Cir. 2001) (applying same factors as *Craig*, 843 F.2d at 150).  *See also New Jersey Dep't of Envtl. Prot. v. Ventron Corp.*, 94 N.J. 473, 501 (1983) (liability properly imposed where "the parent so dominated the subsidiary that it had no separate existence").

Here, the Complaint pleads no apparent basis for an alter ego theory, but merely states the bare legal conclusion that Callagy Law is a "mere continuation" or "alter ego" of SRC LLC.[3] (Compl. ¶¶ 11-12.)  When a complaint thus fails to state those basic factual underpinnings for an alter ego theory, dismissal at the pleadings stage is appropriate.  *See Richmond*, 2014 U.S. Dist LEXIS 49486*, at *15 (granting motion to dismiss and stating that "[a]side from Defendants' similar names and same addresses, Plaintiff merely states in the Complaint that groups of Defendants are alter egos of each other"); *Creditors Relief LLC v. United Debt Settlement LLC*, No. 17-7474, 2019 U.S. Dist. LEXIS 222358, at *11 (D.N.J. Dec. 30, 2019) (dismissing alter ego theory where "[t]he Complaint also makes no allegations regarding five of the seven relevant factors: undercapitalization, non-payment of dividends, insolvency, non-functioning of officers or directors, and absence of corporate records," and thus the complaint "does not plausibly allege in what way EIIS and United Settlement have blurred their corporate identities.")  Nor, even, can an alter ego theory survive based upon a bare-bones recitation that the pertinent factors apply.

---

[3]  In September 2013, months after entering into the Funding Agreement and Light Agreement, SRC LLC filed a Registration of Alternate Name with the New Jersey Secretary of State for "Callagy Law."  (Weber Decl., Ex. E.)  As noted above, however, SRC LLC remains an entity in good standing, and there are no facts alleged in the Complaint to suggest that SRC LLC ever used this alternate trade name in its dealings with Plaintiff (or at all), or that SRC LLC used this alternate name for any fraudulent or illegal purpose that would support a veil piercing theory. SRC LLC and Callagy Law P.C. remain separate and distinct entities in good standing.

Thus, "[t]o state a plausible alter-ego claim, a plaintiff must allege more than bare-boned allegations of undercapitalization and common control and/or management.  A plaintiff must affirmatively plead both the factors for alter-ego liability and the factual underpinnings supporting those factors with respect to each individual defendant."  *Richmond v. Lumisol Elec. Ltd.*, No. 13-1944, 2014 U.S. Dist. LEXIS 49486, at *14 (D.N.J. Apr. 10, 2014) (internal citations and quotation marks omitted).  *See also Wrist Worldwide Trading GMBH v. MV Auto Banner*, No. 10-2326, 2011 U.S. Dist. LEXIS 127655, *15-16 (D.N.J. Nov. 4, 2011) (dismissing alter ego theory and stating that Plaintiff's parroting of the alter-ego factors alone is insufficient to satisfy the required pleading standards," as "Plaintiff also fails to sufficiently describe the interrelationship between the various Abu Rashed Group entities," and has "has provided little to no facts that connect the dots.").  In this case, the Complaint does not allege that SRC LLC and Callagy Law have blurred their corporate identities, nor does it even describe any interrelationship at all between the two entities.  Thus, as the Complaint does not plead any allegations in support of this theory, Callagy Law should be dismissed.

Second, the Complaint also states that Callagy Law is a "successor" to SRC LLC. (Compl. ¶ 7.)  As it relates to a "successor liability" theory, the well-recognized rule is that "where one company sells or otherwise transfers all its assets to another company[,] the latter is not liable for the debts and liabilities of the transferor."  *Portfolio Fin. Serv. Co.,* 334 F.Supp.2d at 624.  Four exceptions are recognized, namely

> (1) If the parties have an express or implied agreement that the transferee will assume the liabilities of the transferor; (2) if the transferee was a "mere continuation" of the transferor; (3) if there was a "de facto consolidation or merger" of the companies; or (4) if the transfer was fraudulent."

*Jurista v. Amerinox Processing, Inc.*, No. 12-3825 (NLH/JS), 2013 U.S. Dist. LEXIS 44057, at *116 (D.N.J. Mar. 28, 2013) (citations omitted).  However, "[i]n order for principles of successor liability to even come into play, however, it must first be established that one company sold or otherwise transferred *all* of its assets to another company."  *Id.*, at *118 (D.N.J. Mar. 28, 2013) (dismissing successor liability claim where there was no allegation that all assets were transferred).  *See also Air Sea Int'l Forwarding, Inc. v. Glob. Imps. & Trading, Inc.*, No. 03-268(PGS), 2008 U.S. Dist. LEXIS 133087, at *18 (D.N.J. Apr. 18, 2008) ("Successor liability presupposes that a merger or sale took place and Plaintiff has not asserted any such facts.").  Here, there is not (and could not be) any allegation in the Complaint that SRC LLC transferred all of its assets to Callagy Law, and the Complaint should be dismissed on this basis alone.

That said, reading Plaintiff's Complaint liberally, it asserts three of the "successor liability" exceptions (the Complaint does not allege a fraudulent transfer).  *See* Compl. ¶ 9 (Callagy Law PC expressly or impliedly assumed the liabilities of" SRC LLC"), ¶ 10 ("there was a *de facto* consolidation or merger"), and ¶ 11 ("Callagy Law PC is a mere continuation of" SRC LLC).  Each is addressed, in turn, below.

As to the first exception, the Complaint does not contain a single fact regarding any express or implied assumption of liabilities.  But particularized facts regarding the alleged assumption of liabilities are necessary to withstand a motion to dismiss.  *Compare Summit Transp. Corp. v. Hess Energy Mktg., LLC*, Civil Action No. 14-5119, 2015 U.S. Dist. LEXIS 23921, at *6 (D.N.J. Feb. 27, 2015) (Arleo, J.) (denying motion to dismiss where complaint contained allegations of a contractual assumption of liabilities), *with IDT Telecom, Inc. v. CVT Prepaid Sols., Inc.*, No. 07-1076 (GEB), 2009 U.S. Dist. LEXIS 120355, at *34 (D.N.J. Dec. 28, 2009) (rejecting assumption of liabilities theory where the contract "expressly provides that

[purchaser] did not assume any liabilities for any claims arising out of the prior conduct of the acquired assets and, in fact, excluded those liabilities from the transaction," and therefore "no reasonable juror could conclude that there was an assumption of liability, either express or implied."); *see also Ferry v. Black Diamond Video, Inc*., No. 15-7723 (RBK/AMD), 2016 U.S. Dist. LEXIS 76893, at *32 (D.N.J. June 13, 2016) (dismissing assumption of liabilities theory where "[t]he Complaint does not allege that Steris expressly assumed the liabilities of BDV"). Here, there is no allegation that SRC LLC and Callagy Law were involved in a transaction (e.g., an asset sale) or any other basis for a transfer of liabilities between them.  Thus, this theory fails as a matter of law.

As to the second and third exceptions, "Courts have analyzed and applied successor liability by treating the '*de facto* consolidation' and 'mere continuation' exceptions together," insofar as the theories "tend to overlap."  *Portfolio Fin. Servicing Co. v. Sharemax.com, Inc*., 334 F. Supp. 2d 620, 625 (D.N.J. 2004) (citations and quotation omitted).  Courts considering such a theory examine four factors:

> (1) continuity of management, personnel, physical location, assets, and general business operations; (2) a cessation of ordinary business and dissolution of the predecessor as soon as practically and legally possible; (3) assumption by the successor of the liabilities ordinarily necessary for the uninterrupted continuation of the business of the predecessor; and (4) continuity of ownership/shareholders.

*Air Sea Int'l Forwarding, Inc. v. Glob. Imps. & Trading, Inc*., No. 03-268(PGS), 2008 U.S. Dist. LEXIS 133087, at *14-15 (D.N.J. Apr. 18, 2008) (citing *Portfolio Financial Servicing Co.*, 334 F.Supp.2d at 625).

This Complaint, however, does not touch on any of these factors and again recites only the threadbare legal conclusion that there was "an actual or *de facto* consolidation or merger"

-16-

between SRC LLC and Callagy Law.   (Compl. ¶ 10.)   There are no facts articulating the

operations of the two firms, no allegations regarding SRC LLC's current status, and no factual

examples provided where Callagy Law assumed SRC LLC's ordinary liabilities.   As noted at the

outset, SRC LLC was formed in 2005 and remains in existence today.  (Weber Decl., Ex. A &

B.)   The two contracts were executed in 2013.   (Compl. Ex. 1 & 2.)   Callagy Law was

incorporated in 2015.   (Weber Decl. Ex. C.)   The Complaint does not allege that SRC LLC

ceased operations, or explain how Callagy Law expressly or impliedly undertook SRC LLC's

debts.   To be sure, Plaintiff states that Callagy Law was formed for the purpose of "fraudulently

escaping liability under the Funding Agreement and Light Agreement," (Compl. ¶ 12) but this

allegation—essentially one of fraud—is just another bare conclusion with no supporting facts (or

basis in reality).[4]   The Complaint does not contain a single example of where Callagy Law

expressly or impliedly agreed to SRC LLC's debts (if any) under the Funding Agreement or

Light Agreement, and Plaintiff has not stated any facts that even remotely suggest otherwise.

Other than the fact that both entities are obviously owned and/or controlled by Mr. Callagy and

bear his surname, Plaintiff does not attempt to describe any relationship between the two entities.

     In light of the lack of basic factual allegations that would support a successor liability

theory, the Complaint must be dismissed as to Callagy Law.   *See Jannarone v. Sunpower Corp*.,

No. 18-9612 (MAS) (TJB), 2018 U.S. Dist. LEXIS 191429, at *10 (D.N.J. Nov. 7, 2018)

(granting motion to dismiss successor liability claim where "Plaintiff fails to allege facts or cite

---

[4]   Where plaintiffs allege a veil piercing or successor liability theory that sounds in fraud, the allegations must be held to the stricter standard of Federal Rule of Civil Procedure 9(b).   *See, e.g.*, *Rose Containerline, Inc. v. Omega Shipping Co*., No. 10-4345 (WHW), 2011 U.S. Dist. LEXIS 32396, at *11 (D.N.J. Mar. 28, 2011).   This Complaint contains only one vague reference to "fraud," but even so, for that allegation Plaintiff is required to "plead or allege the date, time and place of the alleged fraud otherwise inject precision or some measure of substantiation into a fraud allegation."   *Id.* (quoting *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007)).

case law supporting his assertion that Defendant's performance of its obligations pursuant to the Warranty establishes that it became a successor-in-interest to the Contract"); *Ferry v. Black Diamond Video, Inc*., No. 15-7723 (RBK/AMD), 2016 U.S. Dist. LEXIS 76893, at *32 (D.N.J. June 13, 2016) (dismissing successor liability theory against defendant where "[t]he Complaint does not allege that [defendant] expressly assumed the liabilities" and "[b]ecause there are no independent allegations of wrongdoing on behalf of [defendant] or any remaining theories of liability pled that would make [defendant] independently liable"); *ECN Fin., LLC v. Chapman*, No. 17-CV-2842, 2018 U.S. Dist. LEXIS 14157, at *6-7 (E.D. Pa. Jan. 29, 2018) (granting motion to dismiss upon finding that "the complaint is otherwise devoid of any evidence tending to support the plaintiff's theory that ECN is the successor to Element Financial," including "no evidence of the transfer of stock, which would demonstrate a merger, or evidence that all assets were sold or transferred . . . Nor does the complaint describe the contractual agreement between [the two entities], or demonstrate their relationship or operations after the conversion.")

In sum, because Callagy Law is not expressly a party to the contracts here at issue, and Plaintiff has not pleaded facts that would allow for any exception to the basic rule that a defendant cannot be liable for obligations in a contract to which it is not a party, Callagy Law should be dismissed from this matter.

**II.     COUNT III ALLEGING A BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING MUST BE DISMISSED AS IT IS BASED ON THE SAME CONDUCT AS THE ALLEGED BREACHES OF CONTRACT.**

Count III of the Complaint alleges a breach of the covenant of good faith and fair dealing. *See, e.g*., *Sons of Thunder, Inc. v. Borden, Inc*., 148 N.J. 396 (1997); *Black Horse Lane Assoc., L.P. v. Dow Chem. Corp*., 228 F.3d 275, 288 (3d Cir. 2000). That alleged breach is based on Defendants' purported failure to make payments under the Funding and Light Agreements, and failing to provide Plaintiff information to which it was entitled under those contracts. (Compl. ¶

66.)  But these same allegations—failure to pay and failure to provide information—are the exact same factual allegations pleaded in support of Plaintiff's two breach of contract claims.  (*See* Compl., ¶¶ 48-49, 59, 61.)

It is well-settled under New Jersey law that "where a claim for breach of the implied covenant of good faith and fair dealing is premised upon the same conduct as a breach of contract claim, the claim cannot stand and must be dismissed as duplicative or redundant." *MZL Capital Holdings, Inc. v. TD Bank, N.A.*, No. 14-5772 (RMB/AMD), 2016 U.S. Dist. LEXIS 103177, at *30 (D.N.J. Aug. 5, 2016) (citing *Intervet, Inc. v. Mileutis, Ltd.*, No. 15-1371 (FLW)(TJB), 2016 U.S. Dist. LEXIS 22165, at *14 (D.N.J. Feb. 24, 2016); *see also Cioni v. Globe Specialty Metals, Inc.*, 618 F. App'x 42, 45 (3d Cir. 2015) (dismissing breach of implied covenant of good faith and fair dealing claim because it was "unsustainable as a duplication of [plaintiff's] breach of contract claim.")).  Thus, an alleged "breach of the implied covenant of good faith and fair dealing does not create an independent cause of action when it is based on the same underlying conduct as the breach of contract claim." *Creative Concepts Mfg. v. Team Beans Ltd. Liab. Co.*, No. 17-cv-6066-BRM-DEA, 2018 U.S. Dist. LEXIS 71891, at *11 (D.N.J. Apr. 30, 2018) (quoting *Hills v. Bank of Am.*, No. 13-4960-ES, 2015 U.S. Dist. LEXIS 32502, at *4 (D.N.J. Mar. 17, 2015)).  Courts have recognized that an independent cause of action for breach of the covenant of good faith and fair dealing may arise in three situations:

> (1) to allow the inclusion of additional terms and conditions not expressly set forth in the contract, but consistent with the parties' contractual expectations; (2) to allow redress for a contracting party's bad-faith performance of an agreement, when it is a pretext for the exercise of a contractual right to terminate, even where the defendant has not breached any express term; and (3) to rectify a party's unfair exercise of discretion regarding its contract performance.

*Kumon N. Am., Inc. v. Timban*, No. 13-4809, 2014 U.S. Dist. LEXIS 84907, at *7-8 (D.N.J. June 23, 2014) (quoting *Barrows v. Chase Manhattan Mortg. Corp.*, 465 F. Supp. 2d 347, 365 (D.N.J. 2006)).  But none of these situations fit the facts of the Complaint.

First, Plaintiff does not suggest any "additional terms or conditions" to the contracts—rather, Plaintiff has clearly stated only that Defendants breached the terms of the contract.  (*See, e.g.*, Compl. ¶ 49 (Defendants have made no payments to LCG *pursuant to the terms of the Funding Agreement*"); ¶ 59 ("No payments have been made to LCG *pursuant to the terms of the Light Agreement*, other than $67,000") (emphases added)).  The second potential situation described in *Kumon*, 2014 U.S. Dist. LEXIS 84907, at *8, "to allow redress for a contracting party's bad-faith performance of an agreement, when it is a pretext for the exercise of a contractual right to terminate," is inapplicable to these facts, as Plaintiff does not allege that either party has terminated the contracts.  And third, Plaintiff does not point to any specific "exercise of discretion" in Defendants' contractual performance which was "unfair," instead just repeating the same bases for breach—a failure to perform by virtue of non-payment and failure to provide information.  The Complaint contains one vague sentence that alleges "deceptive and self-serving practices" which it says may give rise to a breach of the covenant of good faith. (Compl., ¶ 67.)  But Plaintiff does not say what those practices were or give any examples of a bad faith exercise of contractual performance.  This allegation, then, is the barest of threadbare recitals, which the Court should disregard.  *Santiago*, 629 F.3d at 128 ("We take as true all the factual allegations of the [complaint] and the reasonable inferences that can be drawn from them, but we disregard legal conclusions and recitals of the elements of a cause of action, supported by mere conclusory statements." (citation and quotation omitted).

For these reasons, Count III fails to state a legally cognizable claim for breach of the covenant of good faith and fair dealing and should therefore be dismissed as against all Defendants.

## III.   <u>COUNT IV, SEEKING AN ACCOUNTING, SHOULD BE DISMISSED.</u>

Count IV of the Complaint seeks an "accounting," against all Defendants and states that the status of the personal injury cases for which Plaintiff allegedly advanced funds is "uniquely within the knowledge of Defendants and is difficult to ascertain."   (Compl. ¶ 70.)   The Complaint states that "Defendants have never provided LCG with an accounting . . . and such information is necessary to determine [the] nature of LCG's security interest."  (Compl. ¶ 71.)

*First*, as set forth *supra* at 4-18, Mr. Callagy and Callagy Law are not parties to the contracts and were not advanced funds, so there can be no claim for an accounting against them. As courts have long-held, "[a]n accounting in equity cannot be demanded as a matter of right or of course."  *Longo v. Envtl. Prot. & Improvement Co*., No. 2:16-cv-09114 (JLL) (JAD), 2017 U.S. Dist. LEXIS 85681, at *24 (D.N.J. June 5, 2017) (quoting *Borough of Kenilworth v. Graceland Memorial Park Ass'n*, 124 N.J. Eq. 35, 37 (N.J. Ch. Ct. 1938))  Rather, "[t]he exercise of equitable jurisdiction to compel an account" requires three elements, "first, the existence of a fiduciary or trust relation; second, the complicated nature or character of the account; and third, the need of discovery."  *Id*.  Therefore, "[a] Plaintiff's accounting claim is thus premised on the existence of a fiduciary relationship between a Plaintiff and Defendant." *Id.* (citing *SalandStacy Corp. v. Freeney*, No. 11-3439, 2012 U.S. Dist. LEXIS 38141, at *37-38 (D.N.J. Mar. 21, 2012)).   Here, the Complaint does not plead facts regarding a fiduciary relationship between Mr. Callagy or Callagy Law and Plaintiff.

*Second*, an accounting is a remedy, not a separate cause of action.  As such, Count IV should be dismissed on this basis alone.  *Gonzalez v. U.S. Bank Nat'l Ass'n*, No. 14-7855, 2015

U.S. Dist. LEXIS 75620, at *13 (D.N.J. June 11, 2015) (Arleo, J.) (citing *Tolia v. Dunkin Brands*, No. 11-3656, 2011 U.S. Dist. LEXIS 142170, at *19-20, n.5 (D.N.J. Oct. 7, 2011) (noting that an accounting is considered a remedy, not a separate cause of action).

*Third*, because Plaintiff has an adequate remedy at law—a breach of contract claim against SRC LLC—its claim for an accounting is not legally cognizable against any party. "An accounting is an equitable remedy that a plaintiff may pursue when legal remedies are unavailable." *Stonebridge Bank v. NITA Props., LLC*, No. 09-5145 (RBK/JS), 2011 U.S. Dist. LEXIS 59078, at *8 (D.N.J. June 1, 2011) (citing *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 478 (1962) ("The necessary prerequisite to the right to maintain a suit for an equitable accounting, like all other equitable remedies, is [] the absence of an adequate remedy at law.")). Here, legal remedies—including pretrial discovery with respect to the extent of any damages—will provide Plaintiff with respect to precisely the information that would, presumably, be sought in an accounting. *See, e.g., Delzotti v. Morris*, No. 14-7223 (JBS/AMD), 2015 U.S. Dist. LEXIS 120286, at *28-29 (D.N.J. Sep. 9, 2015) (dismissing cause of action for an accounting and noting that "this information is readily obtainable through the normal course of discovery, and Plaintiff has made no showing why discovery under Fed. R. Civ. P. 26(b) provides an inadequate remedy").

*Fourth*, Plaintiff fails to allege the necessary elements of a claim for an accounting. Thus, the relationship between Plaintiff and SRC LLC is that of arms-length contractual parties, and—more significantly at this stage of the proceedings—the Complaint alleges no facts that would support the existence of a fiduciary relationship. Nor, obviously, is there any allegation that Plaintiff is entitled to an accounting as a contractual remedy, given that the plain language of the contracts do not provide for such a remedy. Without pleading such basic and necessary

facts, dismissal of Count IV is required.  *See Coleman v. Deutsche Bank Nat'l Tr. Co.*, No. 15-1080 (JLL) (JAD), 2015 U.S. Dist. LEXIS 61875, at *11 (D.N.J. May 11, 2015) (dismissing cause of action for an accounting, stating "Plaintiff has identified no contract or statutory provision that entitles him to relief from Defendants or provides Plaintiff a remedy of an accounting."); *Andujar v. Deutsche Bank Nat'l Tr. Co.*, No. 14-7836, 2015 U.S. Dist. LEXIS 87536, at *14 (D.N.J. July 7, 2015) (Arleo, J.) (dismissing cause of action for an accounting, stating "Plaintiffs do not identify, either in the Complaint or in opposition to Defendants' motion, any contract or statutory provision that entitles them to an accounting").

In sum, the Complaint sets forth no basis for an accounting (against any party) and Count IV should therefore be dismissed for failure to state a claim upon which such relief may be granted.

## IV.   PLAINTIFF'S FRIVOLOUS $18 MILLION DAMAGES DEMAND MUST BE STRICKEN AS IMPERTINENT.

Finally, the Complaint seeks damages "in excess of $18 million" for breach of the Funding Agreement, pursuant to which Plaintiff—even as alleged by Plaintiff—advanced only $441,794.64.  (Compl., ¶¶ 29, 46, 47.)  Plaintiff does not explain (or "show its work") for the arithmetic that yields this outrageous *ad damnum* claim, but it is objectively frivolous and the Court can take judicial notice that Plaintiff's numbers simply do not add up.[5]  Indeed, under the Rules of this Court, Plaintiff should not have demanded a specific amount in the Complaint at all.  *See* L. Civ. Rule 8.1 ("A pleading which sets forth a claim for relief in the nature of unliquidated money damages shall state in the ad damnum clause a demand for damages

---

[5]   Judicial notice is particularly appropriate for arithmetic.  *See, e.g.*, *Chemische Fabrik Budenheim KG v. Bavaria Corp. Int'l*, No. 6:08-cv-1182-Orl-22DAB, 2009 U.S. Dist. LEXIS 122133, at *6 n.3 (M.D. Fla. Nov. 16, 2009) ("the Court takes judicial notice that these numbers do not add up"); *NLRB v. Niskayuna Consumers Coop., Inc.*, 376 F.2d 260, 261 (2d Cir. 1966) ("as a matter of arithmetic; this court can judicially notice that 15 is more than 12").

generally without specifying the amount.")  That is, the $18 million damages demand is plainly "impertinent"[6] and should accordingly be stricken from the Complaint pursuant to Federal Rule of Civil Procedure 12(f).

That Rule is properly invoked "to simplify the pleadings and save time and expense by excising from a plaintiff's complaint any redundant, immaterial, impertinent, or scandalous matter which will not have any possible bearing on the outcome of the litigation."[7]  It is therefore appropriate where "the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues."  *Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 609 (D.N.J. 2002) (citations omitted).  Thus, courts have held that "[a] demand for damages that are not recoverable as a matter of law may be stricken pursuant to Rule 12(f).  *Genter v. Allstate Prop. & Casualty Ins. Co*., No. 11-cv-0709, 2011 U.S. Dist. LEXIS 67840, at *6 (W.D. Pa. June 24, 2011) (citing *Seippel v. Jenkens & Gilchrist, P.C*., 341 F. Supp. 2d 363, 383 (S.D.N.Y. 2004); *Shabaz v. Polo Ralph Lauren Corp*. 586 F. Supp. 2d 1205, 1208-09 (C.D .Cal. 2008)).  In other words, the motion to strike "will be denied unless it is clear that

---

[6]  Courts have defined "impertinent" as "[a] statement of matters applied to facts which do not belong to the matter in question, and which is not necessary to the matter in question."  *DirecTV, Inc. v. Weikel*, No. 03-5300 (JBS), 2005 U.S. Dist. LEXIS 9902, at *5 (D.N.J. May 25, 2005) (quoting *Burke v. Mesta Mach. Co.*, 5 F.R.D. 134, 138 (W.D. Pa. 1946); *see also Gateway Bottling, Inc. v. Dad's Rootbeer Co*., 53 F.R.D. 585, 588 (W.D. Pa. 1971) (defining "impertinent" as "a question of law or fact which the court ought [not] to hear").

[7]  The "scandalous" nature of this allegation is apparent when one notes the substantial negative press attention that this matter has already received, *see, e.g*., NEW JERSEY LAW JOURNAL, "New Jersey Law Firm Accused in Suit of Defaulting on $18M Debt to Litigation Funder," available at https://www.law.com/njlawjournal/2020/04/27/new-jersey-law-firm-accused-in-suit-of-defaulting-on-18m-debt-to-litigation-funder/ (last visited August 2, 2020); LEGAL NEWSLINE, "Boyhood friendship doesn't stop litigation funder from suing N.J. personal injury lawyer for $18M," *available at* https://legalnewsline.com/stories/536181145-boyhood-friendship-doesn-t-stop-litigation-funder-from-suing-n-j-personal-injury-lawyer-for-18m (last visited August 2, 2020), press attention that, largely focused on the $18 million in alleged damages, has already caused substantial (and likely permanent) loss of good will and reputational harm to the all of the Defendants, even the wrongly joined ones.

under no circumstances could the [damages] demand succeed." *Cox v. Chrysler Grp*., LLC, Civil Action No. 14-7573 (MAS) (DEA), 2015 U.S. Dist. LEXIS 133393, at *47-48 (D.N.J. Sep. 30, 2015).

Here, there are no circumstances in which Plaintiff's demand for $18 million can succeed, as a matter of law.[8]  Under the Funding Agreement, the "Growth Factor" is "2.99% per annum, compounded monthly" for Operational Expenses, and "4.99% per annum, compounded monthly" for other defined advances.[9]  (Compl., Ex. 1, Funding Agreement, ¶ 4.)  "*Per annum*" means "[b]y, for, or in each year; annually."  BLACK'S LAW DICTIONARY (11th ed. 2019). Further, the document expressly provides that these interest rates—4.99% and 2.99% per annum, respectively—would (1) be in accordance with the terms of the Funding Agreement; (2) supersede all prior and contemporaneous agreements; and (3) control, in the event of a conflict with any other document regarding the advances.  (Compl., Ex. 1, Funding Agreement, ¶ 3, 4, and 15.)  In any event, there is no mathematical world in which $441,000 becomes $18 million in seven years (*i.e.*, 2013 to 2020) at a 4.99% per annum rate, compounded monthly.  To the contrary, for $441,000 to become $18 million in seven years, the interest rate would have to be approximately 54%, a rate that is plainly usurious.  *See* N.J.S.A. 2C:21-19 (maximum rate 50% per annum for corporations and 30% per annum for individuals).  But leaving aside the maximum interest rate allowable under law, the document speaks for itself—4.99% per annum, compounded monthly, simply cannot turn a $441,000 claim into an $18 million one.  For all of

---

[8]  At the very least, Plaintiffs should, under Federal Rule of Civil Procedure 12(e), be ordered to re-plead its Complaint with a more definite statement regarding the alleged damages and show its calculation of the amount due.

[9]  The "Growth Factor" for these investments (*i.e.*, the advances) operates like an interest rate for a loan.  However, by their terms, these agreements are not loans, but rather are "non-recourse" investments.  But either way, LCG's claim ultimately fails: either the agreements are non-recourse investments requiring dismissal, or they are loans with a usurious rate, in which case those illegal rates cannot be enforced.

these reasons, the proper course is to strike the references to $18 million in damages under Rule 12(f).

## <u>CONCLUSION</u>

For the reasons set forth above, the Court should enter an order (*i*) dismissing all claims against Sean R. Callay, (*ii*) dismissing all claims against Callay Law PC, (*iii*) dismissing Count III against all parties, (*iv*) dismissing Count VI against all parties, and (*v*) striking Plaintiff's improper demand for $18 million in damages.

Dated: August 3, 2020
Newark, New Jersey

Respectfully submitted,

s/ Lawrence S. Lustberg
Lawrence S. Lustberg, Esq.
Kevin W. Weber, Esq.
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
Telephone: (973) 596-4500
llustberg@gibbonslaw.com
kweber@gibbonslaw.com
*Attorneys for Defendants*
*Sean R. Callay, The Law Offices of Sean R. Callay,*
*Esq., LLC and Callay Law PC*